UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES M. BOONE | CIVIL ACTION |
| VERSUS | NO. 12-1519 |
| CONSUMER CELLULAR | SECTION "F" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, James M. Boone, filed this action pro se and in forma pauperis against one defendant, Consumer Cellular. Boone specifically "invokes jurisdiction under section 1983 (sic) of the United States Codes for diversity of citizenship, . . . ." He alleges that his two cell phones were "shut off on June 9th, 2012 after the plaintiff just paid $98.19 on June 1st, 2012. . . . The month before, in May, the plaintiff had his two cell phones for ten days before getting shut off. Now the defendant sent the plaintiff another bill for one hundred U.S. dollars." Boone asserts claims "under Section 2315 of the Louisiana Code for theft, fraud and or [mis]representation" and alleges that defendant is engaged in "false advertisement" because it "represents on tv no surprise bills." He seeks $5,000,000 (five million dollars) in damages allegedly caused by these billing discrepancies and defendant's "shut off" of his two cellular telephones. Record Doc. No. 2 (Complaint at ¶ 3, p. 1).

For the following reasons, **IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff remains free to file his purely state law claims in an appropriate state court.

## ANALYSIS

It is axiomatic that this court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1])); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009). Even if "neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction sua sponte." Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009).

---

[1] The quoted language is the current version of Rule 12(h)(3), which was amended in 2007 to make changes that are "stylistic only." Fed. R. Civ. P. 12, official comment (2007).

It is equally axiomatic that Boone, as the plaintiff who invokes the court's jurisdiction, bears the burden to show the basis for subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009). "In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." Id.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.FN10  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.
>> FN10. A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Steel Co., 523 U.S. at 89); (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)(emphasis added)).

In this case, Boone's complaint must be dismissed under Fed. R. Civ. P. 12(h). For the following reasons, it is clear that this court lacks subject matter jurisdiction over plaintiff's claims concerning the actions of a private entity over a dispute the value of which is far less than the requisite jurisdictional amount.

Boone's complaint specifically invokes this court's diversity of citizenship jurisdiction, and it also makes a vague reference to Section 1983. The factual basis of the complaint is defendant's alleged "shut off" of Boone's two cell phones, despite Boone's alleged payment of a $98.19 bill, and defendant's allegedly wrongful subsequent billing of another $100.00. Plaintiff seeks $5,000,000.00 (five million dollars) in damages for defendant's alleged negligence, theft, fraud, breach of contract and misrepresentation under state law resulting in actual losses totaling no more than $198.19.

However, it is clear from plaintiff's submissions that diversity of citizenship jurisdiction does not exist. Diversity jurisdiction exists when the claims in the complaint are between citizens of different states, but only when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The law is long established that, when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action; i.e., plaintiff's citizenship must be diverse from the citizenship of each defendant. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)); Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001). Boone adequately alleges diversity of the citizenship of the parties when he states that he is a citizen of Louisiana, while defendant is domiciled in Oregon. Record Doc. No. 2 (Complaint at ¶'s 1 and 2, p. 1).

However, diverse citizenship of the parties is only one of two separate requirements to establish subject matter jurisdiction in this court under 28 U.S.C. § 1332. Specifically, Boone fails to allege the requisite amount in controversy to support diversity jurisdiction. Although he seeks damages in the amount of $5,000,000, which on its face meets the jurisdictional threshold of $75,000, the facts alleged clearly "do not support a finding of the jurisdictional minimum." Morris v. Electric Mobility, Inc., 2003 WL 21664726, *1 (E.D. La. July 15, 2003).

The universally accepted test for determination of whether a complaint fails to assert the statutorily required jurisdictional amount is "if it is shown that there is a legal certainty that the amount in controversy cannot be recovered." 14AA C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3702 at pp. 279-80 and cases cited at n.5 (West 2011). "The legal certainty concept appears equivalent to a conclusion that as a matter of law, the jurisdictional amount cannot be recovered or, stated differently, no reasonable jury could award that amount." Id. at pp. 281-83. Where the plaintiff's complaint alleges a sum certain in damages that exceeds the requisite amount in controversy, that amount controls, but only if it is made in good faith. Jones v. Malaco Music, 2 F. Supp. 2d 880, 883 (S.D. Ms. 1998)(citing Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). "Although the parties are diverse and plaintiff's complaint requests a sum substantially in excess of the jurisdictional minimum . . . , this

court is not bound by plaintiff's averment, but may question whether the sum pleaded is grounded in realistic expectations, or is wholly a product of imagination." Jones, 2 F. Supp. 2d at 882.

Applying the foregoing standard, it appears to a legal certainty not only that plaintiff could not recover the $5,000,000.00 in damages he seeks in his complaint, but also that no reasonable jury could conceivably award more than the jurisdictional amount. As plaintiff's complaint makes clear, the theft, fraud or other kinds of losses he alleges amount to no more than $198.19, consisting of the $98.19 he actually paid, together with the additional $100.00 he alleges he was subsequently wrongfully billed for "shut off" cell phone service. Even assuming – without concluding – that plaintiff might be able legally to recover some additional sum of money beyond $198.19 for intangible general damages, such as mental anguish and anxiety or loss of enjoyment of life under his state law tort theories, it is inconceivable that any reasonable jury could award more than the jurisdictional prerequisite under these circumstances. Thus, this case resembles the facts in Jones, where plaintiff sought damages totaling $5.8 million for alleged failure to pay music royalties in the amount of $896.39. 2. F. Supp. 2d at 883. Just as the court in Jones dismissed plaintiff's complaint for lack of subject matter jurisdiction, finding that "plaintiff's factual urgings are wholly insufficient to support any damage award in excess of" the requisite jurisdictional amount, id. at 883, this court must

do the same in connection with Boone's damages claims allegedly stemming from a "shut off" of cell phone service resulting in an actual loss of no more than $198.19.

Because the requisite amount in controversy is lacking, plaintiff has not shown an adequate basis for subject matter jurisdiction based on diversity of citizenship.

Boone also alleges in the vaguest possible way that his claims are based on "Section 1983 of the United States Code." 42 U.S.C. § 1983 provides for a federal cause of action when an individual's constitutional rights have been violated. Construed broadly,[2] Boone's allegations may constitute a complaint that he was deprived of property in violation of his due process rights and an assertion of federal question subject matter jurisdiction under 28 U.S.C. § 1331. "'Federal question jurisdiction under [28 U.S.C.] § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Williams v. EDCare Mgmt., Inc., No. 1:08-CV-278, 2008 WL 4755744, at *5 (E.D. Tex. Oct. 28, 2008) (quoting Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997)). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any

---

[2]Pro se civil rights complaints must be broadly construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). Plaintiff fails to state a cognizable Section 1983 claim upon which federal question subject matter jurisdiction might be based, and his claim must be dismissed.

Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim. Boone alleges that the defendant whom he has sued in this action is a private provider of cell phone service. Plaintiff asserts no claims in this lawsuit against any state officials acting in any capacity.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by <u>a person acting under color of state law</u>." <u>James v. Tex. Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008) (quotation omitted) (emphasis added). Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." <u>United States v. Causey</u>, 185 F.3d 407, 414, 415 (5th Cir. 1999); accord <u>Bryant v. Military Dep't</u>, 597 F.3d 678, 687 (5th Cir. 2010), <u>petition for cert. filed</u>, No. 10-81, 79 U.S.L.W. 3062 (July 12, 2010);

Townsend v. Moya, 291 F.3d 859, 861 (5th Cir. 2002); see also Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988) (A violation of the Fourteenth Amendment right to equal protection "occurs only when the government treats someone differently than others similarly situated.") (emphasis added).

"As a threshold matter, for a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." Id. at 747-48 (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Thus, to assert a claim for a violation of Section 1983 in the instant case, Boone must show that defendant's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). "[A] finding of state action is justified only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains. A state is not responsible for a private party's decisions unless [the state] has exercised coercive power

or has provided such significant encouragement . . . that the choice must in law be deemed to be that of the state." Id. (quotations and citations omitted).

Consumer Cellular, the defendant named in Boone's complaint, is a private business entity which allegedly provides cell phone service. I know of no basis upon which the facts alleged by Boone might be legally sufficient to convert this purely private dispute to one involving state action for Section 1983 purposes. Because Consumer Cellular is not a state actor, plaintiff's Section 1983 claim, if any, has no basis in federal law and cannot serve as the basis for federal question jurisdiction.

## **RECOMMENDATION**

In the absence of either diversity of citizenship or federal question jurisdiction, Boone's complaint must be dismissed for lack of subject matter jurisdiction. The appropriate court, if any, in which plaintiff might pursue the claims he asserts in this case is the state court, not this federal court. For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this \_\_\_\_27th\_\_\_\_ day of June, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.